1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NEIL B. ESTENSON and ELAINE C.
ESTENSON, husband and wife, and the
marital property composed thereof,

Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY, a foreign insurance
company,

Defendant.

CASE NO. C13-05319-RBL

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND

(Dkt. #8)

THIS MATTER is before the Court on Plaintiffs' Motion To Remand (Dkt. #8).

Defendant Geico removed to federal court based on diversity jurisdiction, and Plaintiffs seek

remand.  The parties disagree over whether the required amount in controversy has been met.

Because Geico has met its burden of proving that the amount in controversy exceeds $75,000,

Plaintiffs' Motion to Remand (Dkt. #8) is **DENIED**.

# I.    BACKGROUND

Plaintiffs Neil and Elaine Estenson are residents of Washington.  They are insured under a Geico policy containing underinsured/uninsured motorist benefits (UIM).  Their policy has a limit of $50,000/100,000 per person/per accident.  Compl. ¶ 3.1.

In February 2009, Kristopher Dascher struck Neil with his car, injuring him.  Plaintiffs incurred medical expenses for Neil's injuries, and sought reimbursement from Dascher.  Plaintiffs also claim they will incur future medical bills.  *Id*. ¶ 3.21.

In September 2011, Plaintiffs sent Dascher's insurer, Mutual of Enumclaw, a settlement demand estimating damages for his physical and emotional injuries to be **$163,278.25.**  *Hornbrook Declaration*, Ex. A, Dkt. #12.  Mutual of Enumclaw paid Dascher's policy limit of $50,000 to compensate Plaintiffs.  Compl. ¶ 3.14.

In October 2012, Plaintiffs demanded damages for their unreimbursed medical expenses and unpaid general damages from Geico under their UIM policy.  In response, Geico offered to settle the dispute for $5,000.  It made no payments to Plaintiffs under the UIM policy.  *Id.* ¶ 3.22-3.23.

Plaintiffs brought suit in Pierce County Superior Court for breach of the UIM policy, violations of the Insurance Fair Conduct Act and the Consumer Protection Act, and bad faith.  In addition to damages for the physical injuries, Plaintiffs seek damages for past and future medical expenses unreimbursed by Mutual of Enumclaw.  Plaintiffs also seek damages for wage loss, suffering, mental and emotional distress, and loss of consortium.  For the IFCA and CPA violations, plaintiffs seek general and treble damages and attorneys' fees.  *Id.* ¶ 6.1-6.11.

Geico removed on grounds of diversity jurisdiction.  Plaintiffs do not dispute diversity.  They move to remand arguing that Geico did not meet its burden of proving the amount in

1   controversy requirement because it included the settlement letter as evidence of the amount in

2   controversy in its response, instead of in the petition for removal.  Geico claims the settlement

3   letter satisfies the amount in controversy requirement.

**II.      DISCUSSION**

5   **A.  Standard**

6        An action is removable to a federal court only if it could have been brought there

7   originally.  28 U.S.C. § 1441(a).  28 U.S.C § 1332(a)(1) provides, in relevant part, "The district

8   courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

9   the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of

10  different States."  If at any time before final judgment, the court determines that it is without

11  subject matter jurisdiction, the action shall be remanded to state court.  28 U.S.C. § 1447(c).

12       There is a strong presumption against removal jurisdiction, and federal jurisdiction "must

13  be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles,*

14  *Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  Defendant always bears the burden of

15  establishing the propriety of removal.  *Id.*  Where the amount of damages sought by a plaintiff is

16  unclear, defendant must prove facts supporting the jurisdictional amount by a preponderance of

17  the evidence.  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir. 1996); *Gaus,*

18  980 F.2d at 567 (citation omitted); 28 U.S.C. § 1332(a).  Thus, defendant must demonstrate that

19  it is "more likely than not" that the amount in controversy exceeds $75,000.  *Sanchez,* 102 F.3d

20  at 404.

21       The court determines whether defendant has met this burden by first considering whether

22  it is "facially apparent" from the complaint that the jurisdictional amount is satisfied.  *See Singer*

23  *v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).  If the complaint does not

24

1   clearly specify damages, the court may examine facts in the complaint and evidence submitted

2   by the parties.  *See id.*

3       **B.  Amount in Controversy**

4       Plaintiffs contend that Geico did not prove the amount in controversy because it attached

5   the settlement letter, its sole piece of evidence, to its response to Plaintiffs' motion rather than in

6   the petition for removal.  Plaintiffs argue that "the factual support for the Removal must be in the

7   Removal Petition itself, not in subsequent motion or memoranda," and thus the Court cannot

8   consider the settlement letter in its determination of the amount in controversy.   Dkt. #13 at 4.

9       Plaintiffs are incorrect.  In *Cohn v. Petsmart*, *Inc.*, the Ninth Circuit held that a settlement

10  letter cited in the defendant's response was properly construed as an amendment to the removal

11  petition when the petition was deficient in stating the amount in controversy.  281 F. 3d 837, 840

12  (9th Cir. 2002).  *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117, (9th Cir. 2004);

13  *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

14      The *Cohn* court further held the same settlement letter to be sufficient evidence of the

15  amount in controversy when plaintiff did not contest its integrity.  *See Cohn*, 281 F.3d. at 840 ("a

16  settlement letter is relevant evidence of the amount in controversy if it appears to reflect a

17  reasonable estimate of the plaintiff's claim").  Plaintiffs do not argue that the settlement letter is

18  an unreasonable estimate of their claims.  Therefore, the settlement letter estimating damages for

19  Plaintiffs bodily injury claim to be **$163,278.25** is evidence of the amount in controversy.  The

20  letter evidences Plaintiffs' determination of the value of their bodily injury claim and meets the

21  amount in controversy requirement.

22

23

24

1      The settlement between Plaintiffs and Mutual of Enumclaw, however, lessens the amount

2  estimated in the letter by $50,000, leaving **$113,278.25** in estimated damages for Plaintiffs'

3  bodily injury claim.  This amount is still well over $75,000 and removal was proper.

4      Additionally, Plaintiffs' complaint and Geico's petition for removal contemplate damages

5  for Plaintiffs' IFCA, CPA, and bad faith claims.  Potential damages for these claims further

6  increase the amount in controversy.

7      Geico has met its burden of proving that the amount in controversy more likely than not

8  exceeds $75,000.

9                                  **III.      CONCLUSION**

10     The removal was proper and the Court has diversity jurisdiction over the case.  The

11     Plaintiffs' Motion to Remand is **DENIED.**

12     **IT IS SO ORDERED.**

13     Dated this 25th day of July, 2013.

14

15     _____

16     RONALD B. LEIGHTON
       UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24